# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| JAMES F. HUMPHREY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV607-039 |
| | ) | |
| FRED BURNETTE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

James F. Humphrey, an inmate at Telfair State Prison in Helena, Ga., has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent Fred Burnette has filed a motion to deny Humphrey's motion on the grounds that the one-year limitations period prescribed by 28 U.S.C. 2244(d) expired before Humphrey filed his petition. Docs. 7, 8.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 23, 2000, Humphrey pleaded guilty in state court to charges of murder and armed robbery and received two life prison sentences, to be served concurrently. Doc. 1. He filed a state habeas corpus petition on June 21, 2004. Id. On February 23, 2007, the state

court denied his petition for habeas relief, and on June 6, 2007, the Georgia Supreme Court denied Humphrey's petition for a certificate of probable cause to appeal the state court's denial of his habeas petition. Id. Humphrey then filed this petition on June 29, 2007. Id.

## II. LEGAL ANALYSIS

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d). One of the four occurrences listed in § 2244(d)(1) that is sufficient to start the limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). However, the time during which a petitioner sought post-conviction relief from the pertinent judgment in state court does not count toward the one-year limitations period. Id. § 2244(d)(2); Ford v. Moore, 296 F.3d 1035, 1036–37 (11th Cir. 2002).

In terms of timeliness under § 2244(d)(1), Humphrey's one-year limitation period began on April 22, 2000, when his thirty-day period for filing a notice of appeal with the Georgia Court of Appeals expired. See

2

O.C.G.A. § 5-6-38. He did not file his state habeas petition until June 2004—more than three years after the one-year limitations period imposed by § 2244(d) had expired. Doc. 1. Although § 2244(d)(2) tolls the one-year limitation period while a state court collateral proceeding is pending, a state habeas proceeding cannot resurrect an already expired petition. Tinker v. Moore, 255 F.3d 1331, 1333—35 n.4 (11th Cir. 2001) ("[A] properly . . . filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). Thus, the tolling provision found in § 2244(d)(2) never came into play before the one-year limitations period expired on April 22, 2001. Humphrey's § 2254 petition is untimely and should be **DENIED**. His outstanding motion for appointment of counsel is **DENIED AS MOOT**.

So **REPORTED** and **RECOMMENDED** this 7TH day of **December 2007**.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA